| | |
|---|---|
| UNITED STATES DISTRICT COURT<br>SOUTHERN DISTRICT OF NEW YORK<br>UNITED STATES OF AMERICA,<br><br>                       -against-<br><br>KENNY SANTANA,<br><br>                                      Defendant. | USDC SDNY<br>DOCUMENT<br>ELECTRONICALLY FILED<br>DOC #: _____<br>DATE FILED: _11/2/2022_<br><br>22 Cr. 595 (AT)<br><br>**ORDER** |

ANALISA TORRES, District Judge:

Defendant, Kenny Santana, appeals the detention order issued by the Honorable Gabriel W. Gorenstein during a bail hearing on October 3, 2022. *See* App.; ECF No. 3; Hearing Tr., ECF No. 5. On October 20, 2022, the Court held a bail appeal hearing. Dkt. Entry 10/20/2022. For the reasons stated below, the Court AFFIRMS in part and REVERSES in part Judge Gorenstein's order. It is ORDERED that Santana be released on delayed detention until February 2, 2023.

I.      Background

According to the Government, on September 28, 2022, four masked individuals, including Santana, arrived at an apartment building in the Bronx. Compl. ¶ 5(a), ECF No. 1. One person, Christian Lora, broke into the building's front door, and the group then entered the building. Opp. at 1; Compl. ¶ 5. When they arrived on the third floor, Lora handed Santana an object that appeared to be a gun. Compl. ¶ 5(d). Lora then broke open an apartment door, and the four individuals entered the apartment to commit a robbery of marijuana dealers. Opp. at 1; Compl. ¶¶ 5(f)–(h). During the course of the incident, Lora and Santana suffered gunshot wounds. Compl. ¶¶ 5(f)–(h).

On September 29, 2022, Santana was arrested at Jacobi Hospital. Opp. at 2; *see* Hearing Tr. at 5; Dkt. Entry 9/30/2022. The next day, he underwent surgery as a result of the gunshot wound to his right leg. App. at 2. On October 3, 2022, Santana was presented before Judge

Gorenstein from Jacobi Hospital in connection with three charges: (1) Hobbs Act robbery, (2) conspiracy to commit Hobbs Act robbery, and (3) firearm use or possession under 18 U.S.C. § 924(c). *See* Hearing Tr.; Compl. ¶¶ 1–3. At his presentment, Santana requested release on bail with conditions as recommended by Pretrial Services, Hearing Tr. at 10–13, but Judge Gorenstein found that the Government "[had] shown by clear and convincing evidence that [Santana] represents a danger to the community" and ordered him detained pending trial. *Id.* at 13–14.

On October 5, 2022, Santana was discharged from the hospital, and the U.S. Marshals transferred him to Windsor Park Nursing Home in Queens for rehabilitative services. App. at 2. There, he is shackled to his bed, and receives physical therapy five days a week. *Id.* at 2. He "has metal staples in his right leg" and "is unable to walk without the aid of a walker." *See id.*; Supp. at 1. The U.S. Marshals failed to take Santana to a follow-up appointment with the hospital's orthopedic department on October 12, 2022. App. at 2. The appointment was rescheduled for October 26, 2022. *Id.*

Before the Court is Santana's October 18, 2022 appeal of Judge Gorenstein's order. *See* App.

II.     Lora's Bail Conditions

On October 12, 2022, Lora was arrested and charged in a separate complaint. *See* 22 Mag. 8219, ECF No. 1. Lora was presented before the Honorable Katherine H. Parker, who ordered that his detention be delayed until January 13, 2023, and set bail conditions releasing Lora on home detention with location monitoring. Supp. Ex. A at 19–21.

During his presentment, the Government stated, "Lora was in many ways the leader of this robbery" and that Lora "distribut[ed] items to the other participants, [including] what appear[ed] to be a gun." *Id.* at 8. The Government also noted Lora's extensive criminal history, including

"somewhere between 60 and 80 residential burglaries and between 20 and 30 commercial burglaries," and that he was previously convicted of "conspiracy to burglarize pharmacies." *Id.* at 9.

### III. Legal Standard

A district court reviews *de novo* a magistrate judge's decision to release or detain a defendant. *See United States v. Leon*, 766 F.2d 77, 80 (2d Cir. 1985); *United States v. Jones*, 566 F. Supp. 2d 288, 289–90 (S.D.N.Y. 2008).

Under the Bail Reform Act, a defendant shall be detained if "no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of any other person and the community." 18 U.S.C. § 3142(e)(1). Where, as here, the defendant is charged with a crime enumerated in 18 U.S.C. § 3142(e)(3)(B), a rebuttable presumption arises that no condition or combination of conditions will reasonably assure his appearance as required and the safety of the community.

The defendant "bears a limited burden of production—not a burden of persuasion—to rebut that presumption by coming forward with evidence that he does not pose a danger to the community or a risk of flight." *United States v. Mercedes*, 254 F.3d 433, 436 (2d Cir. 2001). Satisfying the burden of production does not eliminate the presumption favoring detention; it "remains a factor to be considered among those weighed by the district court." *Id.* At all times, "the government retains the ultimate burden of persuasion by clear and convincing evidence that the defendant presents a danger to the community," and "by the lesser standard of a preponderance of the evidence that the defendant presents a risk of flight." *Id.*

In determining whether the presumption has been rebutted, courts consider the factors set forth in 18 U.S.C. § 3142(g): (1) the nature and circumstances of the offense charged, including

3

whether the offense is a crime of violence; (2) the weight of the evidence against the defendant; (3) the history and characteristics of the defendant; and (4) the nature and seriousness of danger to any person in the community posed by the defendant's release. *Mercedes*, 254 F.3d at 436.

IV.     Application

Having considered Santana's submissions, the Government's opposition papers, the bail report from Pretrial Services, Judge Gorenstein's bail decision, and the arguments made by counsel at the October 20, 2022 hearing, the Court AFFIRMS in part and REVERSES in part Judge Gorenstein's October 3 order.

A. Danger to the Community

The Court agrees with Judge Gorenstein that the Government has shown by clear and convincing evidence that Santana is a danger to the community given the nature and circumstances of the offense. *See* Hearing Tr. at 13. Santana, along with three other individuals, allegedly committed an armed robbery of marijuana dealers during the early morning. Opp. at 1; Compl. ¶¶ 5(f)–(h). Santana carried a gun, and he and Lora were shot and severely injured during the course of the robbery. *See* Compl. ¶ 5; *see also United States v. English*, 629 F.3d 311, 315, 322 (2d Cir. 2011) (affirming district court's finding that the presence of a gun indicates "danger to the community"). Further, the "weight of the evidence" against Santana is substantial. *Mercedes*, 254 F.3d at 436. Photographs from the complaint place Santana at the scene of the robbery and in possession of the firearm shortly before entering the apartment. Compl. at 5.

However, given Santana's current condition—he is recovering from surgery and unable to walk without the assistance of a walker—the Court finds that Santana's physical limitations and medical needs weigh against a finding that he is presently a danger to the community. Santana's mobility is compromised, and he will require ongoing physical therapy for weeks, if not months.

4

Supp. at 2. Further, Santana's lack of a criminal record also weighs against a finding that he is a danger to the community. *Id.* at 3.

Moreover, according to the Government, Lora—who is currently released on delayed detention—was the "leader" of the robbery and the individual who procured the firearm and gave it to Santana. Supp. Ex. A at 8. Lora also has an extensive criminal history, whereas Santana has no criminal record. *See id.* at 9; Supp. at 3.

    B. Risk of Flight

The Court concludes that the Government has not shown by a preponderance of the evidence that Santana presents a risk of flight given his current physical condition and need for frequent medical treatment. *Mercedes*, 254 F.3d at 436. Further, Santana's family ties in the district are strong. He is close to his sister, with whom he will reside in Mount Vernon, New York. Santana has an eight-year-old son, and his partner is eight months pregnant. App. at 5. Santana's sister, his sister-in-law, and his partner have all stated that they are willing to co-sign his bond. *Id.* at 1. Lastly, Santana will be fitted with a GPS monitoring device and limited to home confinement. If he violates the terms of his release, Pretrial Services will notify the Court immediately, and the Government may apply for a change in his bail status.

Accordingly, Judge Gorenstein's order of detention is AFFIRMED in part and REVERSED in part.

Judge Parker ordered delayed detention for Lora and set bail conditions releasing Lora on home detention with location monitoring for three months. Given Santana's similar situation and physical condition, the Court ORDERS delayed detention for Santana in light of his health condition until February 2, 2023, with release on a $100,000 personal recognizance bond co-signed by three financially responsible people and the following additional conditions:

- Home detention with electronic monitoring at Santana's sister's residence in Mount Vernon, with permission to leave only for medical appointments;
- Surrender of all travel documents with no new applications;
- Travel restriction to the Southern and Eastern Districts of New York;
- Strict supervision by Pretrial Services;
- Drug testing and treatment as directed by Pretrial Services; and
- No contact with co-defendants unless in the presence of counsel.

SO ORDERED.

Dated: November 2, 2022
New York, New York

_____
ANALISA TORRES
United States District Judge